# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMOD KHALIL ROHN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 08-185 |
| | ) | |
| v. | ) | Judge Schwab |
| | ) | Magistrate Judge Cathy Bissoon |
| JEFFREY A. BEARD, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the Motion for Summary Judgment filed by Defendants (Doc. 27) be granted.

### II. REPORT

This is a prisoner civil rights case in which Jamod Khalil Rohn asserts that his First Amendment rights are being violated by a Pennsylvania Department of Corrections policy that prevents inmates from viewing R-rated movies. Defendants filed a Motion for Summary Judgment on September 19, 2008 (Doc. 27), and Plaintiff's response to the Motion was due on or before October 20, 2008 (Doc. 14). No response was filed and Plaintiff was again ordered to respond by December 11, 2008 (Doc. 30). Plaintiff again failed to respond.

#### A. Legal Standard

A party's burden in response to a well-pleaded motion for summary judgment is to present "'. . . specific facts showing that there is a *genuine issue for trial*'" Fed. Rule Civ. Proc. 56(e) (emphasis added), or the factual record will be taken as presented by the moving party and

judgment will be entered as a matter of law. Matsushita Elec. Ind. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**B. Analysis.**

Defendants' Motion for Summary Judgment and accompanying factual assertions stand unrebutted. Defendants have presented unchallenged evidence that: (1) the ban on R-rated movies serves a legitimate governmental interest; (2) inmates have adequate alternative means of exercising their First Amendment rights; (3) allowing inmates to view such movies would adversely impact security at the institution, as well as the allocation of resources; and (4) there are no alternatives that could be implemented at a *de minimis* cost. In short, all of the elements necessary to sustain a regulation under the applicable test set forth in Turner v. Safley, 482 U.S. 78 95 (1987) have been established by Defendants.

Indeed, the regulation at issue in this case is indistinguishable from the United States Bureau of Corrections policy upheld by Judge Sean McLaughlin in Jewell v. Gonzalez, 420 F.Supp.2d 406 (W.D.Pa. 2006), and the analysis set forth in that case is equally applicable here. Although prison inmates retain certain protections afforded by the First Amendment, "lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights, a retraction justified by the considerations underlying our penal system." O'Lone v. Estate of Shabazz, 482 U.S. 342, 348 (1987) (quotations omitted). In this instance, the right to view R-rated movies is one which may properly be retracted upon incarceration.

### III. CONCLUSION

For all of the foregoing reasons, it is recommended that the Motion for Summary Judgment filed by Defendants (Doc. 27) be granted. In accordance with the Magistrates Act, 28

U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4 (B) of the Local Rules for Magistrates, objections to this Report and Recommendation are due by March 30, 2009.

                s/ Cathy Bissoon
                Cathy Bissoon
                United States Magistrate Judge

March 13, 2009

**Cc:**
JAMOD-KHALIL ROHN
EA 4792
P.O. Box 9999
LaBella, PA 15450-0999